UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE THURSTON,

        Plaintiff,

v.

MICHAEL CHERTOFF, Secretary of
Department of Homeland Security,
Transportation Security Administration,

        Defendant.

CASE NO. C08-99RSM

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

This matter is before the Court for consideration of defendant's Rule 12(b)(1) motion to dismiss, which has been deemed by the Court as converted into a motion for summary judgment pursuant to F.R.Civ.Proc. 12(d). Dkt. ## 12,17. The parties were given an opportunity to file supplemental memoranda and supporting documents after the motion was converted, and the matter has been fully considered. For the reasons set forth below, the court shall grant the motion for summary judgment.

## DISCUSSION

Plaintiff Eugene Thurston was employed by the Transportation Security Administration ("TSA") as a screening officer. He resigned his position in lieu of termination on September 9, 2005, after he was

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 1

found subject to discipline for falling asleep on duty, combined with multiple absences from work, both excused and unexcused. Plaintiff, who is African-American, alleges that his termination resulted from discrimination. He filed this complaint in January 2008, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

Title VII of the Civil Rights Act of 1964 makes it unlawful for the federal government to discriminate in employment on the basis of race, color, gender, religion or national origin. 42 U.S.C. § 2000e *et seq*. Before filing suit, Title VII plaintiffs must timely exhaust their administrative remedies. Id. § 2000e-16(c). Specifically, EEOC regulations require that "aggrieved [federal employees] . . . initiate contact with an [EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Subsection (a)(2) of the regulation further provides that "[t]he agency or the [EEOC] shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them . . . or for other reasons considered sufficient . . . " 29 C.F.R. § 1614.105(a)(2). Failure to file a timely grievance may be fatal to a federal employee's discrimination claim. *Johnson v. United States Treasury Department*, 27 F.3d 415, 416 (9th Cir.1994) (judgment against the Plaintiff was appropriate because his complaint to the EEO counselor was untimely); *Boyd v. United States Postal Service*., 752 F.2d 410, 414-15 (9th Cir.1985) (plaintiff did not bring his grievance to the attention of the EEO counselor within the statutory period of the final personnel action, thus he was precluded from pursuing his claim in federal court.)

Where timeliness rather than the fact of exhaustion is the issue, the time limit for taking a matter to an EEO counselor "is treated like a statute of limitations for filing suit." *Johnson v. U.S. Treasury Department*, 27 F. 3d at 416. In addressing a shorter (thirty-day) time limit for raising a claim with the EEO counselor under an earlier version of the regulation, the Ninth Circuit Court of Appeals held that this "time limit is treated as a statute of limitation for filing suit and is subject to waiver, equitable tolling, and estoppel." *Miles v. Dept. of the Army*, 881 F. 2d 777, 780 (9th Cir. 1989) (citing 29 C.F.R. § 1613.214(a)(1)

It is undisputed that plaintiff did not contact an EEO counselor within 45 days of his September 9,

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 2

2005 resignation in lieu of termination. It was not until August 11, 2006, eleven months later, that he contacted an EEO counselor. Plaintiff contends that he initiated this contact within 45 days of learning of the discrimination, through notice that another TSA employee, who is white, also fell asleep at his duty station but was not terminated. He contends that this contact was timely compliance with the requirement.

When the Court converted defendant's motion to dismiss into a motion for summary judgment, plaintiff was given an opportunity to demonstrate facts which would constitute waiver, estoppel, or tolling of the forty-five day period. Dkt. # 12. Plaintiff opposed defendant's motion to dismiss with a memorandum, supplemental memorandum, and supporting declaration Dkt. ## 13, 14, 18. His declaration establishes that he suffered from illnesses which caused him to be absent from work on multiple occasions. Declaration of Eugene Thurston, Dkt. # 14, ¶¶ 3, 4. He was hospitalized for several days in May 2005 for meningital encephalitis, and he also suffered from diabetes. *Id*. He attributes his falling asleep at the x-ray machine duty station on July 25, 2005 to a "blackout" caused by "complications relating to my Meningital Encephalitis." *Id*., ¶ 7. He states that he was threatened with termination if he did not go to work that day. *Id*. In the investigation that followed the filing of his complaint with the agency, it was noted that plaintiff was absent without leave on twenty-seven occasions between May 2004 and May 2005. Thurston Declaration, Dkt. # 14, Exhibit 4, p. 5.

Plaintiff's statements regarding illness relate to reasons for his termination, not his failure to comply with the forty-five day statute of limitations. To establish equitable tolling of that statute, he contends that he was not aware that his termination resulted from discrimination until later, when he learned that a white male TSA screener had similarly fallen asleep at the duty station, but was not terminated. He states,

> On July 16, 2006 I discovered for the first time that I may have been wrongfully terminated on the basis of my race. On July 16, 2006, I received a telephone call from Tangee Harding, a former co-worker who informed me that Robert Shrum, a white male TSO fell asleep at an x-ray machine and was not terminated. Because I had been accused of the exact same offence, I believed I had enough support for a racial discrimination claim to contact an EEO counselor.

Thurston Declaration, Dkt. # 14, ¶ 13.

ORDER ON MOTION FOR SUMMARY JUDGMENT - 3

Plaintiff thus argues for the application of a discovery rule to the forty-five day requirement. He asserts that "[i]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Plaintiff's Supplemental Response, Dkt. # 18, p. 7; *quoting Johnson v. Henderson*, 314 F. 3d 409, 414 (9th Cir. 2002). However, this rule is inapplicable under the circumstances here, where plaintiff was subject to a discrete act, such as termination. *Ledbetter v. The Goodyear Tire & Rubber Co., Inc.*, --- U.S. ----, 127 S.Ct. 2162, 2165, 167 L.Ed.2d 982 (2007) ( discrete act is one that occurs at a particular point in time). A discrete discriminatory act occurs on the day it happened. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). See also *Ledbetter,* 1127 S.Ct. 2162 (2007) (time period for filing EEOC charge begins when discrete act occurs). Plaintiff knew on September 9, 2005, that he must resign or face termination. The fact that he did not conclude until much later that his termination was the result of discrimination does not constitute a basis for equitable tolling.

Plaintiff also asserts that his untimeliness should be excused because he was unaware of the forty-five day time limit. He states that no notice of this requirement to contact an EEO counselor within forty-five days was included with his termination papers. However, plaintiff admitted in his declaration that he "recall[ed] seeing an Office of Civil Rights poster in the TSA break room on occasion," although he "hardly ever entered the break room." Thurston Declaration, Dkt. # 14, ¶ 9. He also does not dispute that he received notice of the forty-five day limit several months before his termination, in a discipline letter he received in April 2005. Supplemental Opposition, Dkt. # 18, p. 8.

There is no specific requirement in the law that an employer repeatedly provide notice of the filing requirements to employees. The Court finds that the break room poster and the notice which plaintiff received in April 2005 constituted sufficient actual and constructive notice of the filing period requirement. *See*, *Johnson*, 314 F. 3d at 415 n. 4 (where the plaintiff argued she never saw the posters in the workplace, "constructive notice is sufficient to bar a claim of equitable tilling—actual notice is not required.")

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 4

CONCLUSION

Summary judgment is appropriate ". . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Id*. "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F. 3d 1216, 1221 (9th Cir. 1995). It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F. 3d at 1221.

Defendant has moved for dismissal of this action for plaintiff's failure to timely comply with Title VII pre-filing requirements. Plaintiff argues that his failure should be excused, and that equitable tolling should apply. There is no dispute over the facts, and the question of equitable tolling presents a question of law for the Court.

The U.S. Supreme Court has concluded that EEOC pre-filing requirements should be construed strictly. *See, Ledbetter v. Goodyear Tire & Rubber Co. Inc*., 127 S.Ct. at 2170 ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."). Although courts do allow equitable tolling in Title VII lawsuits, see, e.g., *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Court does not find it appropriate under the circumstances presented in this case. Equitable tolling is only appropriate if a claimant can demonstrate exceptional circumstances. *See e.g., Grant v. McDonnell Douglas Corp*., 163 F.3d 1136, 1138 (9th Cir.1998) (equitable tolling is proper if the claimant can show that he was physically or mentally incapacitated during the filing period).

Plaintiff's assertion that he was not aware of the discrimination until nearly a year later, when his employer treated a white employee differently, does not constitute an exceptional circumstance, and is insufficient to toll the forty-five day period for EEO counseling. Plaintiff's invocation of the EEO counseling process in August of 2006 was untimely, and this untimeliness bars his Title VII action.

Accordingly, defendant's motion for summary judgment is GRANTED, and this action is DISMISSED.

DATED this 7 Day of April 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR SUMMARY JUDGMENT - 6